UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ANDREA WILKES,  Case No. 16-CV-4229 (PJS/SER)

      Plaintiff,

v.  ORDER

STATE OF MINNESOTA,

      Defendant.

Andrea Wilkes, pro se.

Jean E. Burdorf, Assistant County Attorney, HENNEPIN COUNTY ATTORNEY'S OFFICE, for defendant.

Plaintiff Andrea Wilkes is currently serving a 180-month sentence in a county jail for sexual assault. After unsuccessfully appealing his conviction to the Minnesota Court of Appeals and unsuccessfully petitioning the Minnesota Supreme Court for review, Wilkes brought a federal habeas petition under 28 U.S.C. § 2254.

This matter is before the Court on Wilkes's objection[1] to Magistrate Judge Steven E. Rau's November 30, 2017 Report and Recommendation ("R&R"), which recommends granting the State of Minnesota's motion to dismiss Wilkes's § 2254 petition. The Court has conducted a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1]Wilkes's December 14, 2017 filing is not labeled as an objection, but it appears to argue that Wilkes's petition should not be dismissed for the reasons explained in the R&R. Therefore, the Court will treat it as an objection to the R&R.

Based on that review, the Court overrules Wilkes's objection, adopts Judge Rau's R&R, and dismisses Wilkes's § 2254 petition.

Only two matters merit comment:

*First*, the R&R concluded that Wilkes's § 2254 petition must be dismissed because Wilkes's current claims are unexhausted and procedurally defaulted. *See* ECF No. 22 at 3-8. In response, Wilkes argues that "The Pro Se Brief" that he filed in his state court appeal and his "Four Amended [§ 2254] Petitions All Are On Common Ground With The Penalties Of False Imprisonment, And Falsely Accused, And False Witness Being Consistently Raised." ECF No. 23 at 5. Even if this is true, however, § 2254(b)(1) requires a petitioner to "'fairly present' his claim in *each* appropriate state court (*including a state supreme court* with powers of discretionary review)" before filing a § 2254 petition. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added). Wilkes did not file his pro se brief with the Minnesota Supreme Court or otherwise present his current claims to the Minnesota Supreme Court. Therefore, Wilkes did not properly exhaust his current claims before bringing his § 2254 petition.

*Second*, the R&R concluded that Wilkes's first amended petition was the "operative" petition because Wilkes did not seek or receive the State's consent or the court's leave to file any of his three later amended petitions. *See* Fed. R. Civ. P. 15(a); ECF No. 22 at 5. Out of an abundance of caution, however, the Court has examined all

*six* petitions that Wilkes has filed in this case, including a fifth amended petition that Wilkes filed (also in violation of Rule 15(a)) after Judge Rau issued his R&R.  *See* ECF Nos. 1, 10, 16, 21, 23, 24.  Wilkes's petitions are largely incomprehensible, but his main argument appears to be that the jury erred when it credited the testimony of his victim that Wilkes kidnaped her and forced her to perform oral sex on him instead of crediting the testimony of Wilkes that his victim consented to performing oral sex on him.  *See, e.g.*, ECF No. 24 at 4.  These allegations, without more, are not enough to state a claim that Wilkes is currently being imprisoned in "violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's objection [ECF No. 23] is OVERRULED and Judge Rau's R&R [ECF No. 22] is ADOPTED.

2. Defendant's motion to dismiss [ECF No. 12] is GRANTED.

3. Plaintiff's petitions [ECF Nos. 1, 10, 16, 21, 23, 24] are DISMISSED WITHOUT PREJUDICE.

4. No certificate of appealability will be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 6, 2018  	s/Patrick J. Schiltz  
	Patrick J. Schiltz  
	United States District Judge